E-FILED
Friday, 13 August, 2010  09:24:09 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, *an individual*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN PETRAKIS, *an individual*, KEVIN )<br>MORGAN, *an individual*, and HEIDI )<br>HUFFMAN, *an individual*, )<br>)<br>Defendants. ) | Case No.   10-cv-1104 |

## **O R D E R  &  O P I N I O N**

This matter is before the Court on Defendants' Motion for Extension of Time for their Response to Plaintiff's Motion for Summary Judgment.  (Doc. 54). Defendant Kevin Morgan also requests an extension of his deadline for an Answer or other response to the Amended Complaint to August 23, 2010.  For the reasons stated below, the Motion is granted in part and denied in part.

Plaintiff's Amended Complaint, which added Kevin Morgan and Heidi Huffman as Defendants, was filed May 11, 2010. (Doc. 38).  Huffman was served with the Amended Complaint on June 7, 2010, and Plaintiff moved for summary judgment against Defendants Petrakis and Huffman on July 21, 2010.  (Doc. 47). Petrakis' and Huffman's Responses to the Motion for Summary Judgment are due August 16, 2010.  Due to Plaintiff's inability to serve Defendant Morgan in the ordinary fashion (resulting from Defendants' attorney's refusal to give his address to Plaintiff), Magistrate Judge Cudmore granted Plaintiff's Motion for Service by Publication on July 27, 2010.  (7/27/10 Text Order).  On August 2, 2010, before

Morgan was served, Attorney Roesler entered his appearance on behalf of each of the Defendants; that same day he filed the instant Motion for Extension of Time. (Docs. 51 & 52).

In their instant Motion, Defendants request an extension of time for Morgan to file an Answer or other response to the Amended Complaint. Plaintiff has no objection to such an extension, which will be granted. They also request an extension of 30 days from the date of Morgan's Answer to the Complaint, "recognizing that Defendant Morgan's initial response may not be an answer, but a motion that challenges the sufficiency of the Complaint." (Doc. 54 at 4). Plaintiff does not object to a 21-day extension of time for Defendants Petrakis and Huffman to respond to the Motion for Summary Judgment, but does object to Defendants' request for an open-ended extension (which would require, if a Motion to Dismiss is filed by Morgan in lieu of an Answer, full briefing on the Motion to Dismiss, the Court's ruling on such a Motion, time to file an Answer after the Motion, and then the 30 days after the Motion before Defendants' Response(s) to the Motion for Summary Judgment are filed).

Defendants argue that the Court's disposition of the Motion for Summary Judgment against Petrakis and Huffman must be stayed in order to allow the participation of Morgan. The Court does not agree. The Motion for Summary Judgment was filed against only Petrakis and Huffman; it does not seek summary judgment against Morgan. Under the text of Federal Rule of Civil Procedure 56, "[a] party claiming relief may move…for summary judgment on all or part of the claim." There is no indication in the Rule that a Motion for Summary Judgment

must dispose of all the *parties* to a particular *count*. Where Plaintiff has moved for summary judgment as to only two of the three Defendants, there is no bar to the Court's ruling on that Motion for Summary Judgment as to only those two Defendants.[1]

Defendant relies on three cases that are inapplicable here: *In re Doctors Hosp. of Hyde Park, Inc.*, 330 B.R. 689, 697 (Bankr. N.D. Ill. 2005); *Williams v. G.M. Mortg. Corp.*, 03-cv-74788-dt, 2004 WL 3704081, *1 fn. 3 (E.D. Mich. Aug. 18, 2004); and *Creative Trade Group, Inc. v. International Trade Alliance, Inc.*, 08-c-2561, 2009 WL 3713345, *12 (N.D. Ill. Nov. 4, 2009). In *In re Doctors Hospital of Hyde Park, Inc.*, the court held, in the context of a party's request for summary judgment merely limiting the extent of the other party's monetary claim, but not disposing of the claim itself, that it could not grant such partial relief under Rule 56. Here, however, though they are grouped in three "counts" in the Amended Complaint, Plaintiff has a separate "claim" against each Defendant; he currently seeks adjudication of the entirety of each claim against Petrakis and Huffman. Plaintiff could properly have filed a nine-count Complaint with the same effect: three counts each against Defendant; the grouping of defendants within "counts" is irrelevant to "claims." Moreover, contrary to Defendants' assertion and in contrast to the contexts of *Williams* and *Creative Trade Group*, Morgan does not appear to be a

---

[1] Indeed, given the Court's heavy workload and the fact that the first Motion for Summary Judgment has not yet been fully briefed, the Court may not be able to rule on it until enough time has elapsed for Plaintiff to file a Motion for Summary Judgment against Morgan and for that Motion for Summary Judgment to be fully briefed. In that case, the Court could rule on both Motions for Summary Judgment together.

true "necessary party" under Federal Rule of Civil Procedure 19 to the claims against Petrakis and Huffman.[2]

IT IS THEREFORE ORDERED that Defendants' Motion for Extension of Time (Doc. 54) is GRANTED IN PART and DENIED IN PART. Defendant Morgan's Answer or other response to the Amended Complaint is DUE on or before August 23, 2010. Defendants Petrakis and Huffman are GRANTED until September 6, 2010 to file their Response(s) to the Motion for Summary Judgment. Entered this 12th day of August, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                    United States Senior District Judge

---

[2] The Court has never held that Morgan is a necessary party under Rule 19 to this action. Defendants assert that Plaintiff has stated that he is such a necessary party, but this is not the case: in his Motion for Service by Publication, Plaintiff quoted from the California Code of Civil Procedure, which allows service by publication if "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." (Doc. 50 at 3 (*quoting* Cal. C.C.P. § 415.50)). Plaintiff merely referred to Morgan's status as either: (1) a person against whom "a cause of action exists," (2) a necessary party, or (3) a proper party. Plaintiff did not concede that Morgan was a necessary part under Rule 19, and now explicitly contests such a statement; Defendants provide no further argument that he is such a necessary party. (Doc. 55 at 4). A necessary party under that Rule is one who must be joined if the "the court cannot accord complete relief among existing parties" or if the person claims an interest relating to the subject of the action; Morgan does not claim an interest in the subject of the action. There is no indication in any of the pleadings or in the Motion for Summary Judgment that Morgan's participation is required in order to accord complete relief against Petrakis and Huffman.

Indeed, in *Williams*, the court explicitly found that the extra party was necessary to the disposition of the summary judgment motion, as it was the purchaser of the Plaintiff's home at a foreclosure sale, and in *Creative Trade Group*, the court merely said that the extra parties were possibly necessary in the case, in that they were intermediaries to the interactions between the plaintiff and defendant at issue. However, the *Creative Trade Group* court denied summary judgment to the plaintiff on other grounds.