**E-FILED**
Thursday, 20 January, 2011 04:21:36 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, *an Individual*, </br></br> Plaintiff, </br></br> v. </br></br> JOHN PETRAKIS, *an Individual*, </br> KEVIN MORGAN, *an Individual, and* </br> HEIDI HUFFMAN, *an Individual*, </br></br> Defendants. | Case No. 10-cv-1104 |

## O R D E R  &  O P I N I O N

Before the Court are Plaintiff's Motion for Leave to File Emergency Motion for Reconsideration and/or Clarification Under Seal (Doc. 99)[1], and Plaintiff's Emergency Motion for Reconsideration and/or Clarification (Doc. 100). Plaintiff seeks to have the Court reconsider its decision to set an evidentiary hearing on Defendants' Motion to Remedy Unauthorized Disclosure of Attorney-Client Privileged Communications ("Motion to Remedy") (Doc. 86). For the following reasons, Plaintiff's Motion for Reconsideration is DENIED.

### DISCUSSION

On January 4, 2011, this Court held a hearing to consider the proper course of action on Defendants' Motion to Remedy. In addition to ruling on several other pending matters in this case, the Court considered the parties arguments with

---

[1] As the Motion for Reconsideration contains some reference to documents for which Defendants are claiming attorney-client privilege, Plaintiff's Motion to File Under Seal is GRANTED.

regards to the Motion to Remedy, and found that the most appropriate course of action would be for Defendants to engage in limited discovery and present their evidence at a hearing scheduled for February 24, 2011.

Defendants' Motion to Remedy is based upon allegations that a third party, Tandeski, disclosed attorney-client privileged information to Plaintiff and Plaintiff's attorneys prior to the filing of this case. (Doc. 86). In order to support these allegations, Defendants submitted seven documents, which Plaintiff had in his possession, which Defendants claim are subject to their attorney client privilege. These documents were produced by Plaintiff during discovery in separate arbitration proceedings. Six of the seven documents are e-mail strings between Defendant Morgan, Defendant Petrakis, and/or Tandeski, and attorneys at Heyl Royster. (Doc. 87 Exhs. B, C, D, E, F, K). The seventh is a stack of notes which Defendant Morgan prepared as part of a discussion of Plaintiff's behavior while President and CEO of Access2Go. (Doc. 87 Exh. L).

At the hearing, a major issue discussed between the Court and the parties was the relevancy of these documents to the instant case, as opposed to the arbitration proceedings. Although the parties made arguments as to the relevancy of the documents, the Court did not make any findings in that regard, but instead noted that the relevancy of the documents would be the first matter addressed at the evidentiary hearing on February 24, 2011. (Doc. 100 Exh. A at 47-48). The Court also determined that Defendant should be allowed to move along with discovery on this matter, to determine if Plaintiff had unauthorized access to any

other attorney-client privileged communications, which may or may not have more relevance to the instant proceedings. (Doc. 100 Exh. A at 48).

Plaintiff now asks the Court to rule immediately on the relevance of the seven documents, arguing that allowing the depositions and evidentiary hearing to proceed without such finding will usurp the authority of the arbitration panel. The Court does not agree. First of all, the Court has already made clear to the parties that the first issue it will tackle at the evidentiary hearing is the relevancy of the documents claimed to be protected by attorney-client privilege. If the Court finds that the documents are not relevant, it will not need to determine whether or not they are protected by attorney-client privilege. Further, the depositions are being allowed to take place in order to discover if there are more documents at issue than the seven currently in front of the Court, and the Court cannot make a determination as to their relevance until they are presented at the hearing.

Finally, the Court cannot make a determination as to other legal issues, such as waiver, until presented with the full extent of the disclosures made to Plaintiff and Plaintiff's attorneys by Tandeski. Even if the Court finds that the Defendants have waived their right to assert attorney-client privilege as to some of the documents, this may not be the case as to all documents, such as some that might first be discovered via the depositions that are currently scheduled to take place. Moreover, a finding of waiver as to attorney-client privilege has no bearing upon the Court's determination of Plaintiff's counsel's conduct, and the underlying issue of whether or not their disqualification from the instant case is appropriate.

## Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Emergency Motion for Reconsideration and/or Clarification (Doc. 100). Defendants may proceed with their depositions of John Tandeski and Greg Bell, and the matter remains set for an evidentiary hearing on February 24, 2011. IT IS SO ORDERED.

Entered this 20th day of January, 2011.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                      United States Senior District Judge