**E-FILED**
Wednesday, 04 May, 2011 10:27:11 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, *an individual* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.   10-cv-1104 |
| JOHN PETRAKIS, *an individual*, ) | |
| KEVIN MORGAN, *an individual*, ) | |
| and HEIDI HUFFMAN, *an individual*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

Before the Court is John Tandeski's Motion for Reconsideration of the Court's denial of his Motion to Quash (Doc. 133). The Court initially denied Tandeski's Motion to Quash (Doc. 132) because the subpoena submitted by Tandeski in connection with that Motion only commanded Tandeski to be present at an Evidentiary Hearing held on May 2, 2011. (Text Order of 4/29/11). Tandeski has since supplied the Court with the actual subpoena he wishes to quash ("April 26, 2011 Subpoena to Produce Documents") (Doc. 133-1), and therefore asks the Court to reconsider its ruling. For the following reasons, Tandeski's Motion for Reconsideration is GRANTED in part and DENIED in part. It is granted to the extent that the Court will herein reconsider its ruling on its original Motion to Quash with the proper subpoena before it. It is denied to the extent that it seeks any further relief.

1

## DISCUSSION

On May 6, 2010, Judge Mihm entered an Agreed Order for Preliminary Injunction in this matter. (Doc. 37). Paragraph 9 of the Preliminary Injunction provides that "[b]oth parties may immediately issue subpoenas to any person and/or entity regarding this case." (Doc. 37 at 4). Pursuant to that provision and Federal Rule of Civil Procedure 45, on April 26, 2011, Defendants issued a Subpoena to Produce Documents to John Tandeski, a non-party and former business partner of both Plaintiff and Defendants. Although he is not a party, Tandeski has a unique relationship to this case, as information he disclosed to Plaintiff about Defendants' monitoring of his e-mails and text messages appears to have led to its inception. (See Doc. 38 ¶¶ 24-32). In their April 26, 2011 Subpoena to Produce Documents, Defendants seek numerous types of documents from Tandeski. These documents include: 1) any and all communications related to this case sent to or received from Plaintiff, his attorneys, James Feehan, or anyone else associated therewith, after September 1, 2008; 2) any and all electronic records obtained by Tandeski by accessing the e-mail accounts of Plaintiff or Defendants Petrakis and Morgan; 3) any communications between Defendants Petrakis and Morgan which Tandeski obtained after they had already been initially transmitted; 4) any documents or electronic records containing information regarding meetings or communications between Tandeski and Plaintiff or his attorneys after September 1, 2008; 5) phone

records of calls or text messages made between Tandeski and Plaintiff or his attorneys after September 1, 2008; and 6) recordings of all voicemails received by Tandeski from Plaintiff or his attorneys after September 1, 2008. (Doc. 133-1).

Many of these document requests are similar to those made in a previously issued subpoena to Tandeski, which was made in connection with Defendants' Motion to Remedy Unauthorized Disclosure of Attorney-Client Privileged Communications (Doc. 86).[1] The Court struck several of the requests in that subpoena as unduly burdensome. (Doc. 109). Notably, however, the subpoena issued to Tandeski at that time was to be limited to the issue of whether Tandeski supplied Plaintiff with attorney-client privileged information. (Doc. 114 at 23). Here, no such limitation exists. Moreover, in order to avoid forcing Tandeski to produce documents twice, Defendants have included in their April 26, 2011 Subpoena to Produce Documents a provision stating that "Mr, Tandeski need not provide those documents and electronically stored information previously produced to Defendants." (Doc. 133-1 at 5).

Due to Tandeski's central role in this case, the authorization of the Preliminary Injunction, and the fact that Defendants do not require Tandeski to produce documents that he has already delivered, the Court does not find that the April 26, 2011 Subpoena to Produce Documents is unduly burdensome. Accordingly, the Court will again deny Tandeski's Motion to Quash.

---

[1] The Court ruled upon that Motion at the Evidentiary Hearing of May 2, 2011, and it is no longer pending.

## CONCLUSION

For the foregoing reasons, Tandeski's Motion for Reconsideration of the Court's Denial of his Motion to Quash is GRANTED in part and DENIED in part. It is GRANTED to the extent that the Court herein reconsidered its original opinion. It is DENIED to the extent that it seeks to quash and/or modify the April 26, 2011 Subpoena to Produce Documents issued to John Tandeski. (Doc. 133-1). IT IS SO ORDERED.

Entered this <u>4th</u> day of May, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
