# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JAMISON J. SHEFTS, *an individual* )
)
    Plaintiff, )
)
    v. )
)   Case No.  10-cv-1104
JOHN PETRAKIS, *an individual*, )
KEVIN MORGAN, *an individual*, )
and HEIDI HUFFMAN, *an individual*, )
)
    Defendants. )

## <u>O R D E R & O P I N I O N</u>

Before the Court is Defendants' Motion to Modify Subpoena Issued to Access2Go (Doc. 130). Plaintiff has filed a timely Response in Opposition (Doc. 143). For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part. It is GRANTED in all respects discussed in the following order. It is DENIED in all other respects.

### DISCUSSION

On May 6, 2010, Judge Mihm entered an Agreed Order for Preliminary Injunction in this matter. (Doc. 37). Paragraph 9 of the Preliminary Injunction provides that "[b]oth parties may immediately issue subpoenas to any person and/or entity regarding this case." (Doc. 37 at 4). Pursuant to that provision and Federal Rule of Civil Procedure 45, on April 6, 2011, Plaintiff issued a Subpoena to Produce Documents to Access2Go, Inc. ("Access2Go"), a non-party business entity owned and controlled by Defendants. Although it is not a party,

1

Access2Go is central to this case, as it is the business entity of which Defendants and Plaintiff were co-workers at the time of the relevant events.[1]

In the Access2Go Subpoena, Plaintiff requests twenty-two categories of documents. (Doc. 127 at 6-7). Defendants have objected to eleven of these requests pursuant to Federal Rule 45(c)(3)(A) as requiring the disclosure of privileged material and subjecting Access2Go to an undue burden. (Doc. 130 at 5-10). As several of Plaintiff's requests encompass similar-type documents, Defendants have made six objections, which the Court will analyze in turn.

**I.     Request Numbers One and Two**

Request numbers one and two seek the production of any and all documents sent between Plaintiff and any person other than Defendants, between January 1, 2006 and the present, which have been intercepted, read, accessed, or reviewed by any officer or employee of Access2Go. Defendants object to these requests, stating that they "are overly broad because they request the production of confidential documents that should be protected from [Plaintiff]." (Doc. 130 at 6-7). Specifically, Defendants claim that Plaintiff sent himself an email to which he attached 175 documents containing Access2Go's confidential business information, and that other of his email communications will contain confidential and proprietary business and customer information. (Doc. 130 at 7).

---

[1] In addition to being co-workers, Plaintiff and Defendants Morgan and Petrakis were also co-owners of Access2Go at the time all events relevant to this lawsuit took place.

The Court disagrees. This lawsuit arises out of Plaintiff's allegations that the Defendants intercepted, accessed, and read, his electronic communications. Accordingly, these requests go to the core of the case. Moreover, because all documents contained in these requests are those that were either sent to or sent by the Plaintiff, Plaintiff already has access to them, and Defendants argument that confidential business information will be disclosed via discovery is misplaced.

Still, in order to protect against any fears Defendants may have that such information will be disclosed, the Court believes there are two options which it may follow to alleviate such concerns. Because the relevancy of the information sought by the Subpoena is not the actual content of the communications, but the fact that they were intercepted or otherwise accessed or read by officers or employees of Access2Go, Access2Go need not disclose the contents of any such communications which they believe are confidential in nature. Instead, Access2Go may elect to either create a document log indicating the sender, recipient, date, and subject of each communication, or they may redact the communications to exclude any information within them that Access2Go deems to be confidential business information.[2]

## II.   Request Numbers Three, Four, and Five

Request numbers three, four, and five seek the production of all documents sent amongst the Defendants between January 1, 2006 and the

---

[2] This is the case for all of the document production requests discussed in this Order and Opinion, not only Requests One and Two.

present, regarding Plaintiff. (Doc. 127 at 6). Defendants object to these requests as overly broad, unduly burdensome, and not relevant to any party's claim or defense. (Doc. 130 at 7). The Court agrees that in their present form, these requests seek information not relevant to the lawsuit, especially in light of the fact that the Defendants and Plaintiff were co-workers for the past four years. Accordingly, the requests shall be modified to state:

"Any and all documents sent [amongst Defendants][3] between January 1, 2006 and the present *which relate to access, review, and/or interception of Plaintiff's communications with third parties*, including all emails, text messages, and any other form of electronic communication."

With this modification in place, the Court does not believe that the requests are unduly broad or burdensome, especially in light of the fact that the lawsuit is about the Defendants interception and review of Plaintiff's communications with third parties.

### III. Request Numbers Six, Seven, and Eight

Request numbers six, seven, and eight seek the production of all e-mails and text messages sent by the Defendants from any computers or communication devices owned, possessed, or controlled by Access2Go which reference or relate to Plaintiff. (Doc. 127 at 6). Defendants object to these requests as overly broad, unduly burdensome, and not relevant to any party's claim or defense. (Doc. 130 at 7). In addition, Defendants' argue that these

---

[3] The Court has inserted the term "amongst Defendants" in lieu of specifically referring to each separate Defendant as Plaintiff has done in his subpoena. The Court does not mean to suggest that the requests should be consolidated in this manner in the Access2Go Subpoena, it has simply consolidated them in this way for the efficiency of the Order.

4

requests would call for the production of attorney-client communications in the form of the Defendants' communications with Access2Go's corporate counsel. The Court agrees that in their present form, these requests seek information not relevant to the lawsuit. Accordingly, the requests shall be modified to state:

"Any and all e-mails and text messages sent by [the Defendants][4], *between January 1, 2006 and present*, from any computers and/or "Blackberry", or similar communications devices, which are either owned, possessed, or controlled by Access2Go, Inc., *which relate to access, review, and/or interception of Plaintiff's communications with third parties*."

With this modification in place, the Court does not believe that the requests are unduly broad or burdensome, especially in light of the fact that the lawsuit is about the Defendants interception and review of Plaintiff's communications with third parties, and Defendants' defense that all such review was performed pursuant to Access2Go policy. If any of the responsive documents are claimed to be subject to the attorney-client privilege, Defendants may withhold any such documents upon compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

## IV. Request Number Nine

Request number nine seeks the production of "all documents which were routed to any 'dummy account' which stored communications that were sent by or received by [Plaintiff]." (Doc. 127 at 6). Defendants object to Request Nine for the same reasons they objected to Requests One and Two, namely because they allege that it is overly broad and will disclose to Plaintiff confidential business information. (Doc. 130 at 8-9). The Court does not find the request to be overly

---

[4] See footnote 3.

broad, as the case is about the duration and extent of Defendant's interception of Plaintiff's emails. One method by which this was accomplished was via the "dummy account," thus making the documents intercepted via the "dummy account" relevant to this case. Again, Access2Go may redact, or otherwise furnish a log of, any information within these documents which it deems to be confidential.

### V.     Request Number Fourteen

Request number fourteen seeks the production of any and all documents relating to the installation of "SpectorSoft" spyware on computers used by Access2Go employees other than Plaintiff. (Doc. 127 at 7). Defendants object on the grounds that the request is overly broad and seeks documents which are not relevant to any party's claim or defense. (Doc. 130 at 10). This is especially the case, according to Defendants, because Request Thirteen (to which Defendants do not object) already seeks documents relating the installation of the spyware on Plaintiff's computers, and whether or not they installed spyware on the computers of other employees is irrelevant to Plaintiff's claims against them. (Doc. 130 at 10).

The Court disagrees. Relevancy is to be "broadly construed at the discovery stage of litigation, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant

to the subject matter of the action." *In re Aircrash Disaster Near Roselawn, Ind., Oct. 32, 1994*, 172 F.R.D. 295, 303 (N.D. Ill. 1997). Here, Defendants have alleged, as a justification for their interception of Plaintiff's communications, that they only intercepted Plaintiff's communications to protect the company from Plaintiff's destructive acts. Therefore, a showing that Defendants also accessed other employee's communications may be used to impact Defendants' credibility. Accordingly, the documents requested by Request Fourteen are relevant, and will not be modified.

## VI.     Request Number Sixteen

Finally, request number sixteen seeks the production of "all documents accessed, intercepted, read and/or reviewed by any person claiming to be acting as a 'security liaison' of or for Access2Go." (Doc. 127 at 7). Defendants object to the request as being overly broad, and not relevant to any party's claim or defense. However, under the broad definition of relevancy discussed above, the information sought is relevant to Defendants' affirmative defense that Defendant Petrakis was authorized to access Plaintiff's communications due to his position as "security liaison" for Access2Go.

In order to ensure that third party communications other than Plaintiff's are not disclosed via this request, the Court will modify it to require only that those documents sent or received by Plaintiff be produced in full (with redactions or document logs as necessary to protect confidential business information), and

that third party documents that were reviewed by the "security liaison" be provided in list form.

## CONCLUSION

For the foregoing reasons, is Defendants' Motion to Modify Subpoena Issued to Access2Go (Doc. 130) is GRANTED in part and DENIED in part. It is GRANTED in all respects discussed in this order. It is DENIED in all other respects. This matter is REFERRED to Magistrate Judge Cudmore for further pre-trial proceedings, including a Rule 16 Scheduling Conference. IT IS SO ORDERED.

Entered this 11th day of May, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
