# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, *an individual* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-cv-1104 |
| JOHN PETRAKIS, *an individual*, ) | |
| KEVIN MORGAN, *an individual*, ) | |
| and HEIDI HUFFMAN, *an individual*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R & O P I N I O N

On May 6, 2010 Judge Mihm entered an Agreed Order for Preliminary Injunction (Doc. 37), pursuant to which James Feehan was instructed to conduct an analysis of certain imaged hard drives and prepare reports related to his findings. (Doc. 37 ¶ 8). One of these hard drives, referred to throughout these proceedings as the "Old Hard Drive," had sustained pre-existing damage such that Feehan was unable to obtain a complete image thereof. (Doc. 63 at 1-2). Accordingly, on January 4, 2011, this Court granted Plaintiff's request to modify the Preliminary Injunction to allow for the repair/reconstruction of the Old Hard Drive, and directed the parties to confer on the details of how such repair would be effected. (Minute Entry of 1/4/2011). Eventually, on May 4, 2011, this Court entered that Agreed Order, pursuant to which James Feehan was to repair and analyze the Old Hard Drive. Due to previous concerns of Defendants regarding disclosure of unauthorized information in previous reports, following Feehan's

1

analysis, Defendants were allowed ten days within which to file any objections to Feehan's report and proposed disclosures. (Doc. 139 ¶ 9). This deadline was extended to July 5, 2011 (Text Order of 6/27/2011).

On July 5, 2011, Defendants filed their instant Objection to Feehan's Proposed Disclosure (Doc. 156). Defendants object to the disclosure of certain emails obtained from the Old Hard Drive which were sent by or to Plaintiff using his Access2Go email account. (Doc. 156 at 8).[1] Defendants ask that rather than disclosing the content of the e-mails themselves, Feehan should only be permitted to disclose the sender, recipient, date, and subject of each communication sent by or to Plaintiff. (Doc. 156 at 6). This request is based upon a purported need to protect certain confidential business information. (Doc. 156 at 6).

The Court has already had occasion to consider this problem in the context of Plaintiff's Subpoena to Access2Go. There, the Court ruled that because the relevancy of such documents was not the actual contents of the communications, but rather the fact that they were intercepted by officers or employees of Access2Go, Access2Go could elect to create a document log indicating the sender, recipient, date, and subject of each communication, or to redact the communications to exclude information which it deemed to be confidential business information. (Doc. 145 at 3). The Court sees no reason why it should alter this holding here. Accordingly, the Court sustains

---

[1] Defendants do not object to the disclosure of any other aspect of Feehan's report; only to the disclosure of these certain electronic files. (Doc. 156 at 5 n.2).

Defendants' Objection to the disclosure of the actual electronic mails sent to or received by Plaintiff which were discovered on the Old Hard Drive. Feehan's disclosures regarding such e-mails should be limited to a list of the sender, recipient, date, and subject of each e-mail communication.

Also before the Court is Plaintiff's Motion to Authorize Disclosure of Data Excluded from Forensic Report (Doc. 154), in which Plaintiff seeks permission to have Feehan disclose information that was excluded from his original reports. This information includes data of SMS text messages sent to and from Plaintiff which were found on the laptop computers operated by Defendants Petrakis and Huffman ("Petrakis Laptop" and "Huffman Laptop").[2] This data was commingled with SMS text messages of other individuals, such that Feehan intentionally excluded it from his initial forensic reports in order to comply with the Preliminary Injunction. (Doc. 154 at 2-3).

Plaintiff asks that this Court allow Feehan to: 1) disclose to Plaintiff the information related to his own SMS text messages found on the computers, including the communications themselves; and 2) log the date, time, and parties to the communications of the SMS text messages of third parties which were found on the computers, while taking "diligent precautions to avoid the intentional review of any such messages during the process of logging" such information. (Doc. 154 at 5-6).

---

[2] It appears to the Court that the Petrakis Laptop contained raw data of the SMS text messages, while the Huffman Laptop housed Excel files containing the SMS text data.

3

It appears as though all information sought by Plaintiff's first request has already been disclosed to him via discovery (Doc. 158 at 3-4), and thus is not objected to by Defendants. As such, Plaintiff's first request is GRANTED and Feehan is authorized to disclose to Plaintiff all data associated with text messages sent or received by him which were stored on the Petrakis and Huffman Laptops. Defendants, however, object to Feehan's logging of third party SMS text message communications, as they posit that "[t]his process would necessarily require a review by Plaintiff's expert of the third-party text message data itself." (Doc. 158 at 4). Defendants also argue that this Court already ruled that Plaintiff was not entitled to see the text messages, and, in the alternative, that because they already provided the names of third parties who had their messages monitored to Plaintiff, this request is cumulative.

The Court does not agree. In the context of ruling upon a Motion to Quash a Subpoena issued to Access2Go, the Court considered the propriety of a request for the production of all documents read or reviewed by a person claiming to be Access2Go's "security liaison." (Doc. 145 at 7-8). With respect to such documents that related only to third parties, the Court held that Access2Go must only provide a list of the documents that were reviewed, and not the documents themselves. (Doc. 145 at 7-8). However, the Court also explicitly noted that the extent of Defendants' review of third party communications was relevant to this dispute. (Doc. 145 at 7). In response, Access2Go stated that it "specifically reviewed some communications of Janice Hamilton, Kim Lund,

Janeen Walsh, Jamison Shefts, and Jen Goble," but that "no record or copies were kept of which communications were reviewed . . . and as such Acccess2Go has no documents responsive" to Plaintiff's request. (Doc. 158-A). Here, Feehan has uncovered certain of these third party communications that were reviewed by, at least, Defendants Huffman and Petrakis, and which have not yet been produced. As the Court has already found such information to be potentially relevant, and Plaintiff himself acknowledges that Feehan must take extensive precautions not to review the substance of the messages, the Court finds that Plaintiff's request is valid. Accordingly, Feehan is authorized to log the date, time, and parties to each of the SMS text messages residing on the Huffman Laptop and the Petrakis Laptop. Feehan must take every precaution not review the substance of these messages in any manner, and, in accordance with the spirit of the Agreed Order (Doc. 139), Defendants are authorized to have a representative with Feehan during this process to ensure compliance.

For the foregoing reasons, Plaintiff's Motion for Authorization (Doc. 154) is GRANTED and Defendants' Objection to Feehan's Proposed Disclosure (Doc. 156) is SUSTAINED. Feehan shall not disclose the substance or content of any e-mail files sent to or by Plaintiff which were recovered from the Old Hard Drive, but may only disclose a list of the sender, recipient, date, and subject of each e-mail communication. However, Feehan is authorized to disclose all information relating to Plaintiff's SMS text message communications discovered upon the Petrakis and Huffman Laptops, as well as a log of the date, time and parties to

any other text messages residing thereon. Pursuant to the Agreed Order, Feehan shall not make any disclosures until ten days after this Order is issued. (Doc. 139 ¶ 9). IT IS SO ORDERED.

Entered this 20th day of July, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
