UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, *an individual* ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN PETRAKIS, *an individual*, ) <br> KEVIN MORGAN, *an individual*, ) <br> and HEIDI HUFFMAN, *an individual*, ) <br> ) <br> Defendants. ) | Case No. 10-cv-1104 |

## O R D E R  &  O P I N I O N

Before the Court is Plaintiff's Motion for Extension of Deadline to File Response in Opposition to Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d). (Doc. 161). Plaintiff's Response is currently due on July 26, 2011, however Plaintiff asks that this date be extended until September 6, 2011, or fourteen days after necessary depositions are completed, whichever is sooner (Doc. 161 at 5). Defendant has filed a Response to Plaintiff's Motion (Doc. 163). For the following reasons, Plaintiff's Motion for Extension is GRANTED in part.

Rule 56(d) provides that "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . (2) allow time . . . to take discovery." Defendants filed a Motion for Summary Judgment on June 22, 2011 (Doc. 152). In it, Plaintiff alleges that Defendants have raised a new defense to his cause of action

1

for the first time – i.e., that since January 1, 2006, Defendants have had the authority to monitor Plaintiff's electronic communications. (Doc. 161 at 3). This is contrary to Defendants' previous position, that no electronic communications had been monitored prior to June 18, 2008, which they argued in their previous Response to Plaintiff's Motion for Summary Judgment (Doc. 60) and in their Answers to the First Amended Complaint. Accordingly, Plaintiff states that he began discovery with a focus of establishing that Defendants had monitored his communications prior to June 18, 2008, a time which he believed that they had no authority to do so. Subsequent discovery and Defendants' Motion for Summary Judgment have since made clear that the monitoring did in fact begin prior to June 18, 2008, and therefore Plaintiff alleges that he has not had an opportunity to conduct discovery with regards to their claim of authority.

Accordingly, Plaintiff asks for additional time to obtain affidavits from third parties, and to conduct depositions of Defendants Petrakis, Morgan, and Huffman. (Doc. 161-1 at 9). Plaintiff states that these depositions will allow him to ascertain: 1) the approximate date on which each Defendant began monitoring Plaintiff's communications; 2) the manner in which Defendants believe Plaintiff provided them with express authority to do so; 3) the manner in which Plaintiff allegedly consented to their doing so; 4) the actions taken by Defendants Petrakis and Morgan, in their capacities as directors and 30% shareholders of Access2Go, that allegedly allowed them to do so; 5) the manner in which Petrakis obtained the role of "security liaison" of Access2Go; 6) the

scope of Defendants' monitoring of the other employees at Access2Go; and 7) the methods by which Defendants read and reviewed Plaintiff's electronic communications. (Doc 161-1 at 9). Plaintiff also states that he needs time to take the deposition of Shawn Patton, in order to more conclusively determine the manner in which Defendants were monitoring Plaintiff's communications, when the monitoring began, the manner in which Defendants were monitoring other employees of Access2Go, and the timeline pursuant to which Defendants implemented different systems of monitoring Plaintiff's electronic communications. (Doc. 161-1 at 10).

Finally, Plaintiff points out that this Court, on July 20, 2011, entered an Order granting Plaintiff's Motion to Authorize Disclosure of Data Excluded from Forensic Report, and sustaining Defendant's Objection to Feehan's Proposed Disclosure of information on his report concerning the Old Hard Drive. Pursuant to that Order (Doc. 160), and the Agreed Order (Doc. 139) previously entered into in this case, these reports are not be disclosed for ten days, in order to allow Defendants time to seek other relief, if necessary. Therefore, the reports will not be delivered until four days after the response deadline.

Defendants have filed a Response in Opposition to Plaintiff's Motion for Extension of Deadline (Doc. 163) in which they argue that the Affidavit submitted by Plaintiff's attorney was insufficient, and that additional discovery is unwarranted. According to Defendants, all of the requisite facts have been known by Plaintiff since the date he filed his lawsuit, and all the extension will

3

do is serve to place a further burden onto the parties. The Court agrees with Defendants. In accordance with the allegations of his Complaint, it is Plaintiff, not Defendants, who has the burden of proving that prior to June 18, 2008, Defendants had, without his authorization or consent, monitored his electronic communications.[1] Consistent with this burden, Plaintiff acknowledges in his motion that his past discovery was focused on establishing that Defendants had monitored his communications prior to June 18, 2008. If such focus were developed during Plaintiff's past discovery, it is unimaginable that Plaintiff would not follow up this suspicion by inquiring as to Defendants' authority to do so.[2] Plaintiff's argument that he needs to take further discovery to develop this line of inquiry rings hollow. The fact that Defendants now admit in their Motion for Summary Judgment that they did in fact begin monitoring Plaintiff's communications prior to June 18, 2008, validates Plaintiff's theory of the case as pursued by Plaintiff during past discovery. Defendants' belated confession does not change the factual landscape that Plaintiff sought to explore earlier and it does not warrant giving Plaintiff a second shot at a target he should have aimed at during his past discovery.

---

[1] Plaintiff's Amended Complaint alleges that the monitoring began prior to 2008. (*See* Doc. 38 ¶ 28).

[2] In fact, Plaintiff states in his motion that he has already sought discovery attempting to establish 1) the fact that the interceptions began prior to June 18, 2008, 2) that Access2Go did not appoint Petrakis as "security liaison" on June 18, 2008, and 3) that Defendants never obtained express authorization from Plaintiff, *before or after* June 18, 2008, to monitor his electronic communications with third parties. (Doc. 161 at 2-3).

Therefore, the Court finds that Plaintiff has failed to give an adequate explanation of the reasons why an extension is necessary in this case. *See Farmer v. Brennan*, 81 F.3d 1444, 1459 (7th Cir. 1996).[3] However, the Court does recognize the fact that some discovery that has already begun and may be necessary to Plaintiff's response is non-disclosable until July 30, 2011, pursuant to this Court's previous Order (Doc. 161). Accordingly, Plaintiff's Motion for Extension (Doc. 161) is GRANTED in part. Plaintiff is granted until August 5, 2011 to file its Response. IT IS SO ORDERED.

Entered this 22nd day of July, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[3] In addition, while Plaintiff discusses the topics he would explore if further discovery were permitted, he does not establish how any of his requested discovery is "likely to generate a genuine issue of material fact." *Jacoby v. Schimka Auto Wreckers, Inc.*, 2010 WL 317171515, at *3 (N.D. Ill. Aug. 11, 2010) (*citing Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000)). Plaintiff must not only speculate that further discovery would unearth beneficial material, he must set forth specific facts that he seeks to obtain from such discovery which would create a genuine issue of material fact. *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869 (7th Cir. 2005).