E-FILED
Tuesday, 20 September, 2011  12:45:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, *an individual*, | ) |
| Plaintiff, | ) |
| v. | ) Case No.  10-cv-1104 |
| JOHN PETRAKIS, *an individual*, KEVIN MORGAN, *an individual*, and HEIDI HUFFMAN, *an individual*, and ACCESS2GO, INC., *an Illinois corporation*, | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants Petrakis, Morgan, and Huffman's ("Defendants") Motion to Extend Filing Deadlines on Plaintiff's Second Motion for Summary Judgment, and Plaintiff's Motion to Strike Section II and Section IV(A) of Defendants' Reply to Shefts' Response Opposing Motion for Summary Judgment, or, In the Alternative, Fix a Date for Shefts to File a Sur-Reply in Support of His Response Opposing Motion for Summary Judgment. (Docs. 189 & 182). Each party has filed a brief in opposition to the other's motion. (Docs. 191 & 188). For the reasons stated below, Defendants' Motion to Extend Filing Deadlines on Plaintiff's Second Motion for Summary Judgment is denied, and Plaintiff's Motion to Strike Section II and Section IV(A) of Defendants' Reply to Shefts' Response Opposing Motion for Summary Judgment, or, In the Alternative,

Fix a Date for Shefts to File a Sur-Reply in Support of His Response Opposing Motion for Summary Judgment is granted in part and denied in part.

On June 22, 2011, Defendants filed a Motion for Summary Judgment, which will be ready for decision in fourteen days.[1] (Docs. 152, 170, 180). On September 2, 2011, Plaintiff filed his second Motion for Summary Judgment, which seeks summary judgment as to Count III of his Amended Complaint. (Doc. 187). Defendants have moved for an extension of the filing deadlines for the Response and Reply concerning Plaintiff's Motion for Summary Judgment. They would like the Response deadline to be extended to 21 days after their Motion for Summary Judgment is ruled upon, arguing that, if their Motion is granted, the entire case will be disposed of and the Court and parties may avoid unnecessary effort in dealing with Plaintiff's Motion for Summary Judgment. (Doc. 189). Plaintiff has responded in opposition to this request, arguing that such extension will only serve to delay disposition of this case and that the Court can most efficiently deal with the two Motions for Summary Judgment together. (Doc. 191). The Court agrees with Plaintiff's position.

First, this Court's Local Rules state that "[m]otions for extension of time to file…a response to a reply [to a Motion for Summary Judgment] will not be looked upon with favor." Local Rule 7.1(D). Though the Court might be likely to grant an extension that was agreed-to by both parties, an extension that is opposed is indeed looked at unfavorably. Further, the Court notes that it quite often deals with cross-motions for Summary Judgment in the same Opinion & Order, and finds that this

---

[1] As discussed below, in this Order & Opinion the Court grants Plaintiff leave to file a limited surreply within fourteen days.

typically is more efficient than would be handling them separately.[2] Finally, it is possible that the Court would, in ruling on Defendants' Motion for Summary Judgment, deny summary judgment or grant summary judgment as to only some of the issues in the case, and the case would go forward. In that event, it would defeat the goal of a timely resolution to have allowed Defendants' requested extension. Therefore, Defendants' request is denied. As per the parties' agreement that the Court allow Defendants fourteen days from the date of its ruling on the Motion for Extension, Defendants' Response is now due fourteen days from the date of this Order. If Defendant Access2Go will file a Response to Plaintiff's Motion for Summary Judgment, its Response will be due on the same date. As usual, Plaintiff's Reply will be due fourteen days after he is served with Defendants' Response.

In addition, Plaintiff has moved for the Court to strike portions of Defendants' Reply in support of their Motion for Summary Judgment, arguing that the particular portions present new evidence and legal argument to which he has not, and will not, in the ordinary course of a Motion for Summary Judgment, have an opportunity to reply. (Doc. 182). Moreover, Plaintiff claims that Defendants' new evidence misrepresents his deposition testimony by offering only select pages from it, and asks the Court to strike the "new" argument.[3] In the alternative, Plaintiff

---

[2] The Court of course notes the necessity of treating the motions separately insofar as the parties may rely on conflicting legal theories in their briefs.

[3] Specifically, Plaintiff states that Defendants' Reply implies that he voluntarily relinquished his position in the company, and that his doing so gave Defendants the right to monitor his communications. Plaintiff asserts that his deposition testimony was taken out of context to incorrectly imply that he did voluntarily relinquish his position in the company. Further, Plaintiff argues that Defendants did not, until their Reply brief, cite his supposedly-voluntary

requests the opportunity to file a surreply addressing Defendants' new evidence and argument. As Defendants note in their Response to Plaintiff's Motion, Motions to Strike are generally disfavored in the summary judgment context. (Doc. 188 at 2). Defendants, however, offer no real argument as to why Plaintiff should not be allowed to present his own take on the evidence and argument offered in their Reply, except to say that "any evidence offered in rebuttal by Shefts would be contrary to the evidentiary rule that a party cannot create an issue of material fact by rebutting his own prior sworn testimony." (Doc. 188 at 5). While Defendants accurately state the rule, Plaintiff's instant Motion contemplates providing context to his testimony from the deposition; he proposes to rebut Defendants' interpretation and presentation of his testimony, not the testimony itself. (Doc. 182 at 3).

IT IS THEREFORE ORDERED THAT Defendants Petrakis, Morgan, and Huffman's Motion to Extend Filing Deadlines on Plaintiff's Second Motion for Summary Judgment (Doc. 189) is DENIED. All Responses to Plaintiff's Motion for Summary Judgment are now due fourteen days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Section II and Section IV(A) of Defendants' Reply to Shefts' Response Opposing Motion for Summary Judgment, or, In the Alternative, Fix a Date for Shefts to File a Sur-Reply in Support of His Response Opposing Motion for Summary Judgment (Doc. 182) is GRANTED IN PART and DENIED IN PART. Plaintiff may file a surreply as described in this Order.

---

relinquishment of his position and use it as the basis for an additional legal support for their monitoring of his communications.

Entered this <u>19th</u> day of September, 2011.

                                                                       s/ Joe B. McDade
                                                                       JOE BILLY McDADE
                                            United States Senior District Judge