**E-FILED**
Wednesday, 19 October, 2011  09:22:57 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMISON SHEFTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-1104 |
| JOHN PETRAKIS, KEVIN MORGAN, and HEIDI HUFFMAN, | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion to Enforce Production Subpoena Issued to John Tandeski and to Extend Deadline for his Deposition. (Doc. 194). For the reasons stated below, Defendants' Motion is granted in part and denied as moot in part.

On April 26, 2011, Defendants issued a production subpoena to John Tandeski requesting (1) all communications after September 1, 2008 relating to this case sent to or received from Shefts, attorneys at the law firm of Elias, Meginnes, Riffle & Seghetti, P.C. ("Elias firm"), James Feehan, and "anyone known to be associated with one of these persons;" (2) all electronic records obtained by Tandeski from the Access2Go email accounts of Petrakis, Morgan, and Shefts; (3) all communications between Petrakis and Morgan not originally copied to Tandeski; (4) all documents containing information regarding meetings or communications between Tandeski or anyone acting in concert with him, and Shefts or any person associated with the Elias firm after September 8, 2001; (5) any electronic records

containing information regarding meetings or communications between Tandeski or anyone acting in concert with him, and Shefts or any person associated with the Elias firm after September 8, 2001; (6) all phone records containing information regarding phone calls or text messages made by Tandeski or anyone acting in concert with him, to Shefts or any person associated with the Elias firm; (7) all phone records containing information regarding phone calls or text messages received by Tandeski or anyone acting in concert with him, from Shefts or anyone associated with the Elias firm, after September 8, 2008; and (8) all recordings of voice mail messages received by Tandeski or anyone acting in concert with him, from Shefts or any person associated with the Elias firm, after September 8, 2008.[1] Defendants now assert that Tandeski has failed to organize and label the documents he has produced to correspond to the categories of requests, as required by Federal Rule of Civil Procedure 45(d)(1)(A), and that he has not produced the text messages and records of phone calls requested by items six and seven of the subpoena. Tandeski has responded to Defendants' Motion, requesting that it be dismissed because he has complied with the subpoena. (Doc. 204).

Defendants assert that Tandeski has produced 27 pages of emails and email strings, as well as a disc of 58 electronic files totaling 11.5 mb of data, but has failed to organize and label these documents and date to correspond to the subpoena's categories. (Doc. 194 at 2 ¶¶ 6-7). The categories of requests, other than requests six and seven, which are discussed below, include items one, two, three, four, five, and eight. In his Response, Tandeski states that he does not have any documents

---

[1] Tandeski previously moved to quash or modify this subpoena, which was denied by the Court on May 4, 2011. (Docs. 133 & 140)

relating to requests three and eight, and that he informed Defendants of this on May 23, 2011. (Doc. 204 at 3 ¶ 17). As to items one, two, four, and five, Tandeski states that he has produced "a very small number of documents," and that it is "evident on their face as to which category applies," but "Tandeski will endeavor to label those documents" if needed. (Doc. 204 at 3-4 ¶ 20). Tandeski may consider 27 pages of emails and email strings, as well as a disc of 58 electronic files totaling 11.5 mb of data, to be a "very small number of documents," but Federal Rule of Civil Procedure 45(d)(1)(A) does not limit the requirement to organize and label production to a minimum number of documents. Tandeski must therefore label each produced document or electronic file in order to correspond to the categories requested in the subpoena within seven days.

Defendants also complain that Tandeski has failed to produce the text messages and phone records requested in items six and seven of the subpoena. (Doc. 194 at 3 ¶¶ 8-11). Tandeski asserts that he has produced, on October 17, 2011, the phone records responsive to requests six and seven. (Doc. 194 at 2-3 ¶¶ 12-15). It thus appears that Defendants' request on this point is now moot.

Finally, Defendants request that the deadline for Tandeski's deposition be extended to 21 days after he has complied with the subpoena, citing the fact that they wish to be able to question him about the text messages and phone records sought in items six and seven. (Doc. 194 at 4 ¶¶ 13-15). The current deadline for fact discovery is October 19, 2011. Tandeski did not produce the text messages and phone records until October 17, 2011, a mere two days before the deadline for fact discovery. If Defendants are to be able, at Tandeski's deposition, to make use of the

information produced in response to items six and seven, they must have time to review it prior to the deposition. Tandeski states no explicit objection to Defendants' request. Therefore, the Court will grant Defendants' request for a limited extension of the fact discovery deadline, only to allow them to take Tandeski's deposition.

IT IS THEREFORE ORDERED that Defendants' Motion to Enforce Production Subpoena Issued to John Tandeski and to Extend Deadline for his Deposition (Doc. 194) is GRANTED IN PART AND DENIED AS MOOT IN PART. Tandeski SHALL label, within seven days of the date of this Order & Opinion, each document or electronic file produced in response to items one, two, four, and five of Defendants' April 26, 2011 subpoena in order to correspond to the categories requested in the subpoena. Defendants' request for an order requiring Tandeski to produce text messages and phone records requested in items six and seven of the subpoena is DENIED AS MOOT, as he represents that he has produced those records. The fact discovery deadline, only as to Defendants' deposition of Tandeski, is EXTENDED to November 7, 2011.

Entered this <u>18th</u> day of October, 2011.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                         United States Senior District Judge