E-FILED
Thursday, 13 September, 2012  08:46:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-1104 |
| JOHN PETRAKIS, KEVIN MORGAN, and HEIDI HUFFMAN, | ) |
| Defendants. | ) |

# **O R D E R  &  O P I N I O N**

This matter is before the Court on Third-Party Defendant John Tandeski's Motion to Dismiss the Third-Party Complaint by Defendants. (Doc. 214). The Motion is now fully briefed and ready for disposition. For the reasons stated below, the Motion to Dismiss is granted.

As it has been stated repeatedly in Orders throughout this litigation, the Court will not again state the entire background of this case. In short, Plaintiff alleges that Defendants violated the federal Electronic Communications Privacy Act ("ECPA"), the Illinois Eavesdropping Act, and the federal Stored Communications Act ("SCA") by using various means to monitor his email and text message communications.[1] Plaintiff, Defendants Petrakis and Huffman, and Third-Party

---

[1] The term "monitor" has become a generic way of referring to all of Defendants' alleged eavesdropping activities in violation of the ECPA, Illinois Eavesdropping Act, and SCA, because the application of the ECPA and SCA require a more technical use of the terms "intercept" and "access." The Court avoids the use of those terms unless they are legally appropriate, and uses "monitor" in an effort to neutrally refer to Defendants' alleged actions.

Defendant Tandeski were the four shareholders and Board of Directors members of Access2Go, a telecommunications company. Defendants' Third-Party Complaint against Tandeski alleges that he took part in their alleged monitoring activities, and is thus liable under the Illinois Joint Tortfeasors Contribution Act for his share of Plaintiff's damages, if any should be found.

Over Plaintiff's objection, the Court allowed Defendants to file their Third-Party Complaint against Tandeski. (Doc. 210). Plaintiff had argued that the Third-Party Complaint was "futile" and should be barred for two reasons: (1) his federal claims do not provide a right of contribution, and (2) his claims require a showing of intent, for which there is no right of contribution. On the basis of Plaintiff's and Defendants' arguments, the Court held that neither of these arguments was sufficient to bar the filing of the Third-Party Complaint, but left open Tandeski's ability to challenge the Third-Party Complaint. Tandeski has now appeared and filed a Motion to Dismiss, and so the Court can treat the matter more thoroughly.

As a preliminary matter, the Court notes that on November 29, 2011, it granted Defendants' Motion for Summary Judgment as to Count IV of Plaintiff's Complaint. (Doc. 209). Therefore, the Court must also dismiss Count IV of the Third-Party Complaint for Contribution, which asserts that Tandeski is liable to Defendants to the extent he contributed to Plaintiff's damages under that Count; if Defendants cannot be held liable to Plaintiff, Tandeski cannot be held liable to Defendants.

## DISCUSSION

Tandeski moves to dismiss Defendants' Third-Party Complaint for Contribution, arguing both that Plaintiff's claims against Defendants are not subject to a claim for contribution, and that Defendants' Third-Party Complaint for Contribution has prejudiced him such that it should not be allowed.[2]

Tandeski's first argument is that intentional torts, including those defined by statute, are not subject to a claim for contribution under the Illinois Joint Tortfeasor Contribution Act, relying on *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 538 N.E.2d 530, 542 (Ill. 1989). *Gerill* does state this rule, and it is also echoed in Illinois' federal courts. *Id.* at 542. *See, e.g.*, *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir. 1991). In response, Defendants argue, first, that because they were "potentially liable" for a non-intentional tort, the Act allows contribution. Defendants' only authority for this argument is the case of *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, in which the Seventh Circuit held that the Illinois Joint Tortfeasor Contribution Act could apply to both federal and state statutory claims so long as the plaintiff could have raised a state-law tort claim against the third-party defendant.[3] 522 F.3d 776 (7th Cir. 2008). *Sompo* did not address the *Gerill* rule that intentional tortfeasors cannot claim contribution

---

[2]   Defendants are more precisely termed Third-Party Plaintiffs in this context, but the Court will continue to refer to them as Defendants in order to avoid confusion.

[3]   The Court notes that its previous use of *Sompo* to hold that the contribution claim was not "futile" was based solely on Plaintiff's and Defendants' briefing on the Motion for Leave to File the Third-Party Complaint for Contribution, which focused primarily on the idea that statutory claims for relief could not support an Illinois contribution claim. Here, Tandeski does not make that argument, and so *Sompo* appears irrelevant.

against one another. Other than one bankruptcy court case, Defendants cite no cases holding that the plaintiff's complaint is irrelevant for the application of *Gerill*.[4] In opposition to this case stand many state and federal cases applying *Gerill* to the terms of the plaintiff's complaint itself, not to imagined potential causes of action.[5] *Appley*, 929 F.2d at 1180 (because one of the claims against defendant was intentional tort, he was not entitled to contribution); *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 904 F.Supp. 818, 820-21 (N.D. Ill. 1995) ("Because Lawyers Title has alleged only intentional torts by First Midwest, however, First Midwest may not seek contribution for its potential liability."); *People v. Brockman*, 574 N.E.2d 626, 635-36 (Ill. 1991) (because statute did not require showing of intent and complaint did not allege intent, contribution available; absent these, factual determination of whether intent existed was required to determine if contribution available); *Neurosurgery and Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 934 (Ill. App. Ct. 2003) (though defamation can be based on recklessness, negligence, or malice, plaintiff only alleged malice, so no contribution available).

---

[4] As Defendants point out, the Court previously relied on *In re Ulz*, the bankruptcy case cited by Defendants in finding that the Third-Party Complaint was not "plainly futile." (Doc. 210 at 25). 401 B.R. 321 (Bkrtcy. N.D. Ill. 2009). However, this was because the Court was, as it explained, merely attempting to determine whether the Third-Party Complaint should be allowed at all. As at least one court had supported Defendants' argument, the Court could not say at that time that it was "plainly futile," though further analysis has proven Plaintiff's and Tandeski's position to be correct. Further, the parties were specifically warned in that Order against relying on any part of the Order in supporting arguments on a later Motion to Dismiss by Tandeski himself, and yet Defendants have done just that in citing to the Court's Order relying on *Ulz*. (Doc. 210 at 25; Doc. 222 at 6).

[5] The Court notes that such a rule would effectively eviscerate the rule against contribution among intentional tortfeasors, as it is possible to name an unintentional tort counterpart for virtually any legal theory.

Defendants' other argument is that the ECPA, Illinois Eavesdropping Act, and SCA are not properly analogized to "intentional torts," because they do not require a showing of specific intent to permit recovery. They claim that because Plaintiff could recover under these statutes without showing that Defendants intended to cause him harm, his claims are not for truly intentional acts, within the common law and statutory exemption from contribution.[6] Other than showing that some statutes and common law torts require a showing of intent to cause harm (otherwise known as "specific intent"), while others require only a showing of intentional conduct, Defendants have not shown the Court that any courts applying common law or Illinois' Contribution Act have drawn this distinction and allowed contribution for intentional torts that do not necessarily require a showing of specific intent.[7]

The Court must conclude that the Illinois Supreme Court in *Gerill* did not draw the distinction advocated by Defendants; it plainly held that "intentional tortfeasors are not entitled to contribution" under the Contribution Act. 538 N.E. at

---

[6] Each of these statutes requires a showing of intentional conduct, not intentional damage. The ECPA prohibits "intentional interception" of electronic communications, and does not require a showing that the defendant intended any harm to the plaintiff. 18 U.S.C. §§ 2511, 2520. The Illinois Eavesdropping Act similarly allows recovery against one who "[k]nowingly and intentionally…intercepts, retains, or transcribes electronic communication." 720 ILCS 5/14-2. Likewise, the SCA's prohibition extends to those who "intentionally access" electronic communications facilities, and the civil remedy specifically requires that the "*conduct* constituting the violation is engaged in with a knowing or intentional state of mind." 18 U.S.C. §§ 2701, 2707 (emphasis added).

[7] Defendants merely attempt to distinguish the cases cited by Tandeski by arguing that each of the claims in those cases involved specific intent, but do not show that this distinction between types of "intentional torts" was relevant for those courts, and do not cite any cases drawing on such an analysis.

542. After noting the traditional common law rule barring any contribution among tortfeasors, the court reviewed *Skinner v. Reed-Prentice Division Package Machinery Co.*, in which it had "held that a defendant in a strict liability action could maintain a cause of action against a third party for contribution," and which the Illinois General Assembly had codified in the Contribution Act. *Id.* at 541 (citing 374 N.E.2d 437 (1977)). In addition to allowing contribution in strict liability actions, the General Assembly also "meant to create a right of contribution for negligent tortfeasors," but the Illinois Supreme Court concluded that it had not intended to allow contribution for intentional tortfeasors. *Id.* at 542. Notably, the *Gerill* court did not engage any discussion into various types of intentional torts. It is undisputable that the statutes relied upon by Plaintiff in this case all require intentional eavesdropping conduct, and so the Contribution Act does not permit Defendants to seek contribution.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant John Tandeski's Motion to Dismiss the Third-Party Complaint (Doc. 214) is GRANTED. IT IS SO ORDERED.

Entered this 12th day of September, 2012.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
