# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-1104 |
| JOHN PETRAKIS, KEVIN MORGAN, and HEIDI HUFFMAN, | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Summary Judgment against Kevin Morgan on a Major Issue (Conspiracy). (Doc. 230). This matter is now fully briefed and ready for disposition. For the reasons stated below, the Motion is denied as moot.

In his Amended Complaint, Plaintiff raises four counts against Defendants, all related to their monitoring of his electronic communications: Plaintiff alleges that Defendants monitored his communications on his Access2Go-provided email, his Yahoo! email account, and his text messages on his Blackberry device, in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, the Illinois Eavesdropping Statute, 720 ILL. COMP. STAT. § 5/14-1 *et seq*., and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701.[1] Plaintiff's claim against

---

[1] The Court granted summary judgment in Defendants' favor on Plaintiff's Count IV. (Doc. 209). The Court uses the term "monitor" here deliberately, to encompass the alleged violations under the ECPA, the Illinois Eavesdropping Statute, and the SCA.

Defendant Morgan appears to be based entirely on the allegation that he directed the other Defendants to violate his rights under these statutes, and now he asks the Court to determine that "Morgan was responsible as a conspirator with respect to" the other Defendants' illegal actions.

A review of the current status of each of the claims against Defendants is necessary for a proper disposition of the instant Motion.[2] Plaintiff claims that Defendants violated each of the statutes in question by intercepting, monitoring, and/or accessing (1) his Access2Go-provided email account, (2) his Yahoo! web-based email account, and (3) his text messages on his Blackberry device. On Count I, under the ECPA, the Court has held that Defendants did intercept both Plaintiff's Access2Go and Yahoo! email communications, but that they did not intercept his text messages; the Court has also determined that genuine issues of material fact preclude the entry of summary judgment on the questions of whether Defendants intercepted Plaintiff's Access2Go email in the ordinary course of Access2Go's business and whether Plaintiff consented to Defendants' interception of messages in both email accounts.

On Count II, under the Illinois Eavesdropping Act, the Court has determined that genuine issues of material fact exist as to whether Plaintiff had a reasonable expectation of privacy in any of the three types of communications at issue. On Count III, the Court has determined that Defendants accessed Plaintiff's stored Access2Go email and his stored text messages, but also that they were authorized to do so with respect to Plaintiff's Access2Go email. Genuine issues of fact remain on

---

[2]   Some of these rulings are contained in Orders issued contemporaneously with the instant Order.

the question of whether Defendants accessed Plaintiff's Yahoo! email, and whether they had authorization to access the Blackberry text messages.

Therefore, the only issues remaining are: under Count I, whether Defendants intercepted Plaintiff's Access2Go email in the ordinary course of Access2Go's business and whether Plaintiff consented to interception of the Yahoo! email account; under Count II, whether Plaintiff had a reasonable expectation of privacy in any of the communications; and under Count III, whether Defendants accessed Plaintiff's Yahoo! email, and whether they had authority to access his text messages.[3] Defendants have been cleared of liability for interception of Plaintiff's text messages because there was no interception within the meaning of the ECPA, and of liability for accession of his Access2Go email because the Access2Go Board ratified such accession.

The Court must also review its disposition of Morgan's earlier arguments for summary judgment in his favor. (Doc. 209 at 34-38). He first argued that, because he only viewed Plaintiff's Access2Go-provided email on a flash drive, he did not "intercept" it within the meaning of the ECPA. The Court held that, because the ECPA provides for liability for one who "procures another" to intercept protected communications, Morgan might be liable because Defendants claimed that Morgan's cooperation legitimized their actions; a genuine issue of fact existed as to whether Morgan "procured" Petrakis and Huffman to intercept Plaintiff's communications. Under the Illinois Eavesdropping Act, Morgan claimed that he

---

[3] As explained in today's Order on the Motions for Summary Judgment pertaining to Count III, Defendants cannot argue that they were authorized to access Plaintiff's Yahoo! email because Access2Go was not the provider of the email service.

only reviewed Plaintiff's communications after his expectation of privacy had been destroyed, but the Court rejected that argument because it found that Plaintiff's expectation of privacy arguably remained. Under the SCA, the Court agreed with Morgan's argument that if his only involvement was merely reading Plaintiff's email on a flash drive from Petrakis, he would not be liable, but held that Plaintiff had shown there to be a genuine issue of material fact on the question of whether Morgan could be held liable for Petrakis' (and Huffman's) actions under an agency or conspiracy theory of liability.

The thrust of Plaintiff's argument is that Morgan has admitted that he worked with Petrakis and Huffman to undertake the monitoring of which Plaintiff complains. The Court notes that, contrary to what seems to be implied in some of Plaintiff's statements, the Court has not determined that any of the Defendants are liable for violations of any of the three statutes. Therefore, any ruling on the instant Motion for Summary Judgment would only determine whether, *if* the other Defendants are found liable on the remaining claims, Morgan could be held liable for his cooperation with their actions.

There is a larger problem with Plaintiff's Motion, however: the facts and argument raised in the Motion for Summary Judgment only pertain to Defendants' accession of Plaintiff's Access2Go-provided email under Count III.[4] It is the moving party's burden to put on the facts and evidence showing there to be no genuine issue of material fact; if Plaintiff only puts on evidence relating to one portion of Count

---

[4]   Morgan's Response seems to have missed this problem, as it addresses the other counts, as well, but the fact that the nonmovant overlooked a problem does not render it meaningless. On the facts presented in the Motion, the Court can only consider Count III; there would be no factual basis for it to rule on Counts I or II.

III, the Court cannot determine whether Morgan could be held liable under Counts I and II, or even the other portions of Count III. Even if the Court agreed that Morgan took the necessary steps in order to be held liable for Petrakis' and Huffman's actions in accessing Plaintiff's Access2Go email, it would have to deny the Motion for Summary Judgment. As noted above, the Court has already determined that Defendants are not liable under the SCA for their accession of Plaintiff's stored Access2Go emails because the Access2Go Board authorized such access. Even if Morgan directed Petrakis' and Huffman's accessions, this was not a violation of the SCA and so Morgan cannot be held liable.

While rejecting as moot Plaintiff's Motion for Summary Judgment against Morgan, the Court would like to clarify some confusion regarding its prior Order and the requirements of agency or conspiracy liability in this case. The Court's previous Order may have inadvertently led to Plaintiff's apparent belief that if Morgan, acting as a Board member or shareholder, voted to allow Petrakis and Huffman to monitor Plaintiff's communications, such vote would lead to per se "conspiracy" or "agency" liability. This is not the case. Instead, because each of these statutes' application turns in part on what Access2Go's policies were and what actions it authorized, such votes would merely be part of Access2Go's legitimate right to alter its policies or authorizations.[5] It is not unlawful under any of these statutes for a corporation or communication service provider to properly change its

---

[5]   Under the ECPA claims, Defendants assert that the company's policies were such that employees gave implicit consent to interception of their communications over Access2Go's equipment. For the Illinois Eavesdropping Act claims, Defendants similarly assert that the company's policies destroyed any reasonable expectation of privacy in communications on Access2Go equipment. Finally, as to the SCA claims, they argue that Access2Go authorized them to access Plaintiff's communications.

5

policies, and participation in such a change cannot be a basis for liability. The Court finds that agency liability could possibly attach only where Morgan directed Petrakis and Huffman to undertake the complained-of actions, either without authorization from Access2Go or where the company's authorization is irrelevant to the question of liability.[6]

The confusion seems to have arisen because of the Court's notation of Defendants' arguments that Morgan's cooperation, representing a controlling stake in the company, gave them the necessary authority to change policy without formal Board or shareholder action. The Court rejected the contention that Petrakis and Morgan, acting alone, could change Access2Go's policies without at least notifying Plaintiff and Tandeski, but Defendants' argument on this point had at least implied that Petrakis and Morgan agreed together to "monitor" Plaintiff's communications, and so the Court denied Morgan's previous request for summary judgment; it was unclear whether Morgan had directed or merely known of the "monitoring." Now, though, it is apparent that the Access2Go-email claim within Count III must be resolved in Defendants' favor, as explained in the Court's concurrent Order on the parties' Motions for Summary Judgment dealing with the question of ratification, and so there is no need to deal with the question of Morgan's involvement under an agency or conspiracy theory.

---

[6] The company's authorization is irrelevant to any monitoring of Plaintiff's Yahoo! email and to Plaintiff's claims under the Illinois Eavesdropping Statute, unless Plaintiff had knowledge of its authorization sufficient to constitute consent or to destroy his expectation of privacy, respectively.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment against Kevin Morgan on a Major Issue (Conspiracy) (Doc. 230) is DENIED AS MOOT.

Entered this 12th day of September, 2012.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge