## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMISON J. SHEFTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   10-cv-1104 |
| ) | |
| JOHN PETRAKIS, KEVIN MORGAN, ) | |
| and HEIDI HUFFMAN, ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

The parties have failed to reach a settlement through mediation with Magistrate Judge Gorman, so this matter is now ready for final pretrial conference and trial. The parties submitted a joint status report on December 18, 2012, outlining the remaining issues and requesting until January 22, 2013 to supplement their prior discovery responses and initial disclosures. (Doc. 254). The Court agrees with the parties' statement of the remaining issues as set forth in their status report. (Doc. 254 at 2-3). The purpose of this Order is to inform the parties of the Court's expectations for pretrial procedures in this matter.

The Court grants the parties until January 3, 2013 to supplement their discovery responses and initial disclosures. The parties have been litigating this case since April 2010, and the supplementation of discovery is an ongoing obligation. There is no reason the parties need an additional five weeks just to supplement their discovery responses; two weeks should be more than sufficient. On January 3, 2012, the parties shall each submit briefs outlining their good faith

estimates of the damages available in this case, as well as the specific legal basis for such estimates.

The Court will hold a status conference on January 4, 2013, at which it will set the dates for the final pretrial conference and trial. The Court anticipates that the final pretrial conference will be held during the week of January 21, and that the trial will be held the week of February 11, 2013.

Plaintiff claims that Defendants violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, the Illinois Eavesdropping Statute, 720 ILL. COMP. STAT. § 5/14-1 *et seq.*, and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 by intercepting, monitoring, and/or accessing (1) his Access2Go-provided email account, (2) his Yahoo! web-based email account, and (3) his text messages on his Blackberry device. As the parties outlined in their status report, the only issues remaining are:

Count I – ECPA[1]

- Whether Access2Go authorized Defendants' interception of Plaintiff's Access2Go email such that the interception was in the ordinary course of Access2Go's business

- Whether Plaintiff consented to interception of either email account

Count II – Illinois Eavesdropping Statute[2]

- Whether Plaintiff had a reasonable expectation of privacy in any of the communications

Count III – SCA[3]

- Whether Defendants accessed Plaintiff's Yahoo! email

- Whether they had authority to access his text messages

---

[1] Either of these issues, if decided in Defendants' favor, would defeat Plaintiff's claim under the ECPA. If the device used to intercept a communication was used "in the ordinary course" of the communications provider's business, there was no actionable interception within the meaning of the ECPA; as Plaintiff must show that Defendants used a "device" to intercept his communications, it is his burden to show that the "device" was not used "in the ordinary course" of Access2Go's business. 18 U.S.C. § 2510(5)(a); 2511(1)(b); *Arias v. Mutual Cent. Alarm Services, Inc.*, 182 F.R.D. 407, 413 fn. 42 (S.D. N.Y. 1998). Likewise, there is no liability if Plaintiff consented to the interception of his communications, but it is Defendants' burden to show consent. 18 U.S.C. § 2511(2)(d); *In re Pharmatrak, Inc.*, 329 F.3d 9, 19 (1st Cir. 2003) ("for the consent exception under the ECPA in civil cases,…it makes more sense to place the burden of showing consent on the party seeking the benefit of the exception").

[2] It is Plaintiff's burden to show that he had a reasonable expectation of privacy in his communications in order for those communications to constitute protected "electronic communications" within the meaning of the Illinois Eavesdropping Act. *Hurst v. Board of Fire and Police Com'n*, 952 N.E.2d 1246, 1251 (Ill. App. Ct. 2011) (citing 720 ILL. COMP. STAT. § 5/14–1(e)).

[3] Both accession and lack of authorization are elements of Plaintiff's claim under the SCA, upon which he bears the burden of proof. 18 U.S.C. § 2701(a).

Defendants have been cleared of liability for interception of Plaintiff's text messages because there was no interception within the meaning of the ECPA, and of liability for accession of his Access2Go email because the Access2Go Board ratified such accession.

The Court refers the parties to Local Rule 16.1 as they prepare for the final pretrial conference. Under that Rule, the parties must prepare an agreed proposed pretrial order. Though the Rule provides that the proposed order is typically to be submitted to the Court at the conference, such proposed order will in this case be due one week prior to the conference. The parties are specifically prohibited from attempting to reassert arguments that have already been rejected by the Court, and are strenuously warned to avoid mischaracterizing the Court's prior holdings, as has occurred in this case in the past. *See Serritella v. Markum*, 119 F.3d 506, 512-13 (7th Cir. 1997) (citing *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 682 (7th Cir. 1990)). As this is a complex case, the parties are strongly encouraged to stipulate to or settle as many facts and issues as possible prior to trial.

In addition, Local Rule 16.1 provides that the parties must submit an agreed set of jury instructions. These agreed instructions will also be due one week prior to the final pretrial conference. If the parties cannot agree on a particular instruction, they must jointly submit a short brief explaining the point of disagreement and offering each party's competing proposed instruction. The Court will not, unless absolutely necessary, write jury instructions for the parties, and they should not expect that it will do so; the Court will, however, review the briefs concerning the disputed instructions and give guidance as to the legal questions presented.

Evidentiary motions *in limine* and *Daubert* motions will be due on the date of the final pretrial conference and responses thereto will be due one week after the final pretrial conference. The Court notes that pornographic images and other material inappropriate to the Court's dignity have previously been submitted as evidence in this matters, and requires that any party planning to submit such evidence at trial file a motion for leave to admit on the date of the final pretrial conference explaining why the evidence is relevant and necessary; any response will be due one week from the final pretrial conference. It would be the better course for the parties simply to stipulate that inappropriate materials were distributed, rather than to attempt to introduce the materials themselves, the actual content of which lacks discernible relevancy to any fact at issue in this case.

IT IS THEREFORE ORDERED that this matter is set for a telephone status conference on January 4, 2013 at 9:00 A.M., at which the Court will set the dates for the final pretrial conference and trial. The Court will place the call. The parties may supplement their discovery responses and initial disclosures until January 3, 2013, and shall file briefs on the issue of damages, as described in this Order, by 4:00 P.M. on January 3, 2013.

Entered this 20th day of December, 2012.

        s/ Joe B. McDade
        JOE BILLY McDADE
        United States Senior District Judge