## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JAMISON SHEFTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   10-cv-1104 |
| ) | |
| JOHN PETRAKIS, KEVIN MORGAN, ) | |
| HEIDI HUFFMAN, and ACCESS2GO, ) | |
| INC., an Illinois corporation ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on the parties' briefs on damages. (Docs. 260, 261, 264 & 265). This Order resolves a number of issues relating to the calculation of damages, should liability be found. It assumes, for the purpose of analysis only, that the jury will find in Plaintiff's favor as to each claim and against each Defendant, though such assumption is made, of course, without prejudice to Defendants' arguments against liability.

Aside from these legal questions regarding the calculation of damages, there is an additional issue the Court wishes to resolve in this Order: the status of Count III of the Amended Complaint, which arises under the SCA. Plaintiff originally claimed that Defendants had violated the SCA by accessing his Access2Go email, his Blackberry text messages, and his Yahoo! email. The Court has already determined that Plaintiff cannot recover for Defendants' conduct as to the Access2Go email and Blackberry text messages. (Docs. 249 & 268). The Court had assumed that Plaintiff intended to persist with the Yahoo! SCA claim, but did not

address whether it was viable because the parties had not litigated that question. (Doc. 268 at 1 n. 1, 12-13). Having reviewed Plaintiff's initial brief on damages (filed prior to the recent ruling on the text messages claim) more closely, to the Court it appears that he only seeks damages as to Defendants' alleged accession of his Blackberry text messages, not the Yahoo! email messages; he appears to have dropped the SCA claim as to the Yahoo! email messages. (Doc. 261 at 8). If Plaintiff has indeed dropped the SCA claim as to the Yahoo! emails, there are no issues remaining to be tried under Count III of the Amended Complaint. If Plaintiff disagrees with this reading of his damages brief, he must notify the Court within seven days of the date of this Order.

As the Court explained in its last Order, the parties' first briefs on damages raised a number of legal issues that are beneficially resolved prior to trial:

> Plaintiff's brief raised two related questions: (1) under the ECPA, Plaintiff alleges that Defendants intercepted both his Access2Go email and his Yahoo! email, by two separate mechanisms, and he claims that he should be permitted to recover for each of these alleged violations separately; and (2) also under the ECPA, Plaintiff multiplies his damages calculation for each violation by three, as there are three Defendants. … Defendants' brief raised [the issue of] whether, under the ECPA, the fact that Plaintiff does not seek actual damages will or should prevent his recovery of attorney's fees.

(Doc. 263 at 5).[1] The Court therefore allowed each party to respond to these points in its opponent's brief, and those responses have now been filed. The Court also

---

[1] Defendants' brief also raised the question of "whether, under the SCA, the fact that Plaintiff does not seek actual damages will prevent his recovery of statutory damages." (Doc. 263 at 5). As noted above, the Court believes that all of the SCA claims have been resolved or dropped. Therefore, the Court will not address this question in the instant Order. If Plaintiff indicates that he wishes to proceed with the SCA claim related to the Yahoo! email, the Court will then rule on this question.

2

permitted the parties to raise any additional damages issue that they believed could be efficiently resolved prior to trial, and Defendants have accordingly raised the question of whether district courts have the discretion to deny an award of statutory damages under the ECPA, citing *DirectTV, Inc. v. Barczewski*, 604 F.3d 1004 (7th Cir. 2010).

I. **Should separate damages be awarded to Plaintiff under the ECPA for both the interception of his Access2Go email and his Yahoo! email?**

Defendants argue that Plaintiff should only be permitted to recover damages for the time period during which they were intercepting his communications, and that the damages calculation should not take into account that there were two separate violations of the ECPA alleged during that time period. The Court agrees with Plaintiff's position. Plaintiff has two separate claims under the ECPA: that the Defendants intercepted his Access2Go email, and that they intercepted his Yahoo! email. These two claims cover two distinct sets of communications, and allege that Defendants used two different mechanisms to carry out the interception. The fact that Plaintiff put these two claims together under the heading of "Count I" was merely an organizational device reflecting the fact that both arise under the ECPA. However, he could have just as easily separated the two claims into two separate "counts."

Defendants rely on *Desilets v. Wal-Mart Stores, Inc.*, 171 F.3d 711, 714 (1st Cir. 1999) to argue that the number of violations is irrelevant to the calculation of damages under the ECPA, but this reliance is misplaced. In *Desilets*, the district court erred in awarding damages separately for the defendant's interception and

3

unlawful use of the communications at issue. The First Circuit's analysis, though, addressed the fact that the two "types" of violations were actually "interception" and "unlawful use," but did not deal with a situation in which the defendants unlawfully intercepted or used different kinds of communications in different ways. Both *Desilets* and *Smoot v. United Transportation Union*, 246 F.3d 633, 642-646 (6th Cir. 2001), focus only on the fact that the ECPA prohibits unlawful interception, unlawful disclosure, and unlawful use of the communications, and correctly explain that the statutory language of the ECPA does not permit separate awards of damages for each of these types of violations. Where only one type of communication is intercepted and/or disclosed and/or misused, tying damages to the number of days those violations occurred, rather than the number of violations per day, makes sense. *See Smoot*, 246 F.3d at 646 (statute should be interpreted to avoid "treating one disclosure and one use differently from two interceptions").

The instant situation is quite different, and neither *Desilets* nor *Smoot* addresses it: here, it is not simply that the statute contemplates different types of violations, it is that different types of communications and different mechanisms for their interception are concerned.[2] Defendants cite no cases in which a court faced

---

[2] The only cases cited by Defendants that involve a number of separate "devices" are the district court cases of *Klumb v. Goan*, No. 2:09-cv-115, 2012 WL 2958228, *19 (E.D. Tenn. Jul. 19, 2012), and *DirecTV v. Schulien*, 401 F.Supp.2d 906, 918 (N.D. Ill. 2005). Neither of these is helpful to Defendants' argument here, as both involve merely multiple versions of the same device, intended to intercept the same communications. In *Klumb*, the defendant installed a particular piece of spy software on two of the plaintiff's computers in order to intercept his email from a single email account; the court determined that only one statutory damages award was appropriate, as the defendant "was still intercepting the same person's email." 2012 WL 2958228, *19. Similarly, in *Schulien*, the district court rejected the plaintiff's attempt to collect separately-calculated statutory damages based on "the

4

the allegation that a defendant had undertaken to invade the plaintiff's privacy in as many fora as it could reach, using several different technical mechanisms, and this Court does not find that either the language of the ECPA or the cases of *Desilets* and *Smoot* require the courts to withhold statutory compensation from a plaintiff who has suffered completely separate invasions of his privacy.

Therefore, if liability under the ECPA is found as to both the Access2Go email and the Yahoo! email, and if the Court decides that an award of damages for both violations are appropriate (see discussion under "III," *infra*) the Court will permit Plaintiff to recover damages for both violations. In other words, the period during which Defendants unlawfully intercepted Plaintiff's Access2Go email will result in one damages calculation, and the period during which they unlawfully intercepted his Yahoo! email will result in another, and these two figures will be added together.

II. **Should Plaintiff be able to recover damages under the ECPA against each individual Defendant separately?**

In his brief on damages, Plaintiff multiplied his damages calculations by three, reasoning that each of the individual Defendants had violated the ECPA and thus should be held liable for damages separately. Defendants oppose this theory, citing to *Jacobson v. Rose*, in which the Ninth Circuit held that because damages,

---

number of piracy devices defendant purchased." 401 F.Supp.2d at 918. The Northern District of Illinois first noted that there is no private right of action for the mere possession of piracy devices, so it was inappropriate to calculate damages on the basis of the number of devices owned. *Id*. Distinguishing *Schulien* from this case, also, is the fact that the defendant there only violated the ECPA by using those devices to obtain DirecTV signals in his home – again, he was simply using multiple versions of the same piracy devices in order to obtain the same protected communications, not using completely different technologies in order to obtain completely different communications. *Id*. at 913.

including liquidated or statutory damages, are intended to compensate the plaintiff for his loss, not to punish the defendants, it was inappropriate to multiply a damages award under § 2520 by the number of defendants, which could result in an unwarranted windfall for plaintiffs based merely on the number of defendants involved. 592 F.2d 515, 520-21 (9th Cir. 1978). The *Jacobson* court noted, too, that to use these types of damages to punish defendants would render superfluous the statute's provision of punitive damages. *Id.* at 520. As Defendants note, there appear to be no cases contrary to this interpretation, the holding of which comports with traditional principles of joint and several liability, as well as the purpose of non-punitive damages. The *Jacobson* decision is well-reasoned, and the Court sees no reason to depart from it. Should the jury find in Plaintiff's favor under the ECPA, the appropriate damages will be assessed jointly against Defendants.

### III. Does this Court have discretion to deny an award of damages under the ECPA?

Defendants cite to *DirecTV v. Barczewski*, a Seventh Circuit case holding that 18 U.S.C. § 2520(c)(2), the section governing the calculation of damages under the ECPA relevant to this case, gives the district court "discretion not to award statutory damages under that statutory formula." 604 F.3d 1004, 1009 (7th Cir. 2010). The Court has found no opposing or limiting caselaw from this or any other Circuit, and, as the *Barczewski* court noted, four other circuits agree that § 2520(c)(2)'s language grants this discretion to the district court. *Id.* at 1007 (citing *DirecTV, Inc. v. Brown*, 371 F.3d 814, 817-18 (11th Cir. 2004); *Dorris v. Absher*, 179 F.3d 420, 429-30 (6th Cir. 1999); *Reynolds v. Spears*, 93 F.3d 428, 433-35 (8th Cir. 1996); *Nalley v. Nalley*, 53 F.3d 649, 651-53 (4th Cir. 1995)). The Seventh Circuit

6

explicitly did not decide whether district courts have the discretion to award damages that are greater than $0 but less than the maximum provided for by § 2520(c)(2), but instead remanded to the district court for consideration of whether a less-than-maximal penalty was appropriate.[3] *Id*. at 1009-10.

Having reviewed *Barczewski*, the Court concludes that Defendants are correct that it has the discretion at least to refrain from awarding Plaintiff any damages under the ECPA. At this point, it would be premature for the Court to determine whether it is appropriate to award the maximum statutory damages, deny damages, or grant an "intermediate" damages award. The Court will revisit this question, if necessary, following the jury's verdict on Plaintiff's ECPA claims.

**IV.  Does the fact that Plaintiff does not seek actual damages prevent his recovery of attorneys' fees under the ECPA?**

Finally, Defendants claim that Plaintiff's decision to seek only statutory damages bars his ability to recover attorney's fees under the ECPA. In support of their argument, they cite to two district court cases, *Reynolds v. Spears*, 857 F.Supp.1341 (W.D. Ark. 1994), and *Forkes v. Busse*, 510 F.Supp. 122 (E.D. Wisc. 1981), in which the courts refused to award attorneys' fees under the ECPA though the plaintiffs had shown liability. In *Reynolds*, the district court cited two considerations underlying its decision to deny attorneys' fees. First, it denied attorneys' fees for the same reasons it denied statutory damages (finding them discretionary, as discussed above): there had been no actual damages, the privacy intrusion was relatively minor, the defendants had already paid a substantial sum,

---

[3]  There are no post-*Barczewski* cases within this Circuit addressing the possibility of a lesser award of damages.

the defendants had no income other than savings, and their motivation for the violation was benign. 857 F.Supp. at 1348. In addition, the court found attorneys' fees inappropriate because the *Reynolds* suit overlapped with another suit, and it was unfair to force defendants to pay two sets of attorneys' fees when the two suits could have been litigated together. *Id.* Neither of these considerations indicates to this Court that Plaintiff should be barred from seeking attorneys' fees here simply because he seeks only statutory damages. The lack of actual damages was merely one factor the *Reynolds* court relied on in determining that neither statutory damages nor attorneys' fees were necessary; the *Reynolds* court did not state or imply that it alone was decisive. As discussed above, the Court will have to decide after the jury's verdict whether and to what extent statutory damages are appropriate in this case, and the other factors mentioned by the *Reynolds* court are the sort of considerations the Court will weigh when determining that question, as well as what amount of attorneys' fees is reasonable.

Similarly, in *Forkes*, the court did not deny attorneys' fees as Defendants imply, but instead cut the plaintiff's requested $18,000 fee back to $2000; the case thus does not stand for the proposition that a lack of actual damages is a per se bar to the recovery of attorneys' fees where liability is shown. 510 F.Supp. 122. The *Forkes* court first noted that 18 U.S.C. § 2520(c) provides that a court "shall" award a reasonable attorneys' fee to the prevailing plaintiff. *Id.* at 123 (citing 18 U.S.C. § 2520(c); *Jacobson v. Rose*, 592 F.2d 515, 521 (9th Cir. 1978); *Campiti v. Walonis*, 467 F.Supp. 464 (D. Mass. 1979)). The court had originally awarded only $750 in attorneys' fees, believing that "[t]he right to pursue a claim with no realistic

8

damages other than those small amounts allowed by the statute should not be translated into an open-ended opportunity to perform excessive legal work." *Id*. The court also found that "the issues were neither complex nor weighty." *Id*. However, upon review of the plaintiff's attorneys' submissions, a Seventh Circuit decision, and its earlier considerations, the court determined that $2000 was a reasonable fee. *Id*. at 124 (citing *Waters v. Wisconsin Steel Works of Intern. Harvester Co.*, 502 F.2d 1309, 1322 (7th Cir. 1974)). This Court agrees with the *Forkes* court that it is appropriate to balance the likely value of a claim against the amount of legal work involved, and that "excessive legal work" is not justified. This again, though, is merely an example of the kind of analysis the Court will undertake when considering what amount of attorneys' fees is reasonable.

Plaintiff may thus seek attorneys' fees though he does not seek actual damages. If the jury finds Defendants liable under the ECPA, the Court will then consider the question of what amount of attorneys' fees is reasonable.

**CONCLUSION**

The Court has herein resolved several outstanding questions related to the calculation of damages in this case, assuming that the jury will find Defendants liable. In addition, the Court believes that all of the claims under Count III have been resolved or dropped; if Plaintiff wishes to proceed with the Yahoo! email claim under the SCA, he SHALL notify the Court within seven days of the date of this Order.

IT IS SO ORDERED.


Entered this <u>20th</u> day of February, 2013.


                s/ Joe B. McDade
                JOE BILLY McDADE
            United States Senior District Judge