# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JAMISON SHEFTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  10-cv-1104 |
| | ) | |
| JOHN PETRAKIS, KEVIN MORGAN, | ) | |
| HEIDI HUFFMAN, and ACCESS2GO, | ) | |
| INC., an Illinois corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's brief to proceed with the remaining claim within Count III of Plaintiff's First Amended Complaint under the Stored Communications Act ("SCA").  (Doc 270).  Plaintiff originally claimed that Defendants violated the SCA by accessing his Access2Go email, his Blackberry text messages, and his Yahoo! email, but the Court already determined that Plaintiff could not recover for Defendants' conduct as to the Access2Go email and Blackberry text messages.  (Docs. 249 & 268).  On February 20, 2013, the Court issued an Order resolving a number of questions relating to the calculation of damages for remaining claims, should liability be found.  (Doc. 269).  Because it appeared that Plaintiff dropped the SCA claim regarding the Yahoo! email messages in his initial brief on damages, the Court did not address those damages in the previous Order. (Doc. 269; Doc. 261 at 8).  Plaintiff has since notified the Court of his intent to pursue the Yahoo! SCA claim; thus, the Court will address the remaining question

raised in Defendants' brief on damages asking "whether, under the SCA, the fact that Plaintiff does not seek actual damages will prevent his recovery of statutory damages." (Doc. 270; Doc. 263 at 5).  As noted in the last Order, any assumptions made do not prejudice Defendants' arguments against liability as the Court assumes that the jury will find in Plaintiff's favor for the purpose of analysis only.

## I. Does the fact that Plaintiff does not seek actual damages under the SCA prevent his recovery of statutory damages?

In his brief responding to Defendants' initial brief on damages, Plaintiff asserts that the SCA's language permits him to recover statutory damages as an *alternative* to actual damages, and thus, that his decision not to seek actual damages does not prevent his recovery of statutory damages. (Doc. 264 at 2).  The Court agrees with Plaintiff's position.  Defendants' argument relies heavily on *Van Alstyne v. Electronic Scriptorium, Ltd.*, in which the Fourth Circuit held that "the plain language of [18 U.S.C.] § 2707(c) unambiguously requires proof of actual damages as a prerequisite to recovery of statutory damages."  560 F.3d 199, 206 (4th Cir. 2009).  The *Van Alstyne* court based this interpretation on a prior Supreme Court decision, in which the Supreme Court interpreted language in the Privacy Act that was "substantively identical" to § 2707(c) to limit a Plaintiff's recovery in this way.  *Id.* at 204-06 (citing *Doe v. Chao*, 540 U.S. 614 (2004)).

As noted by the Southern District of New York in *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, though, there are arguments suggesting that this Supreme Court precedent should not control the interpretation of § 2707(c), as several other district courts have also concluded.  759 F. Supp. 2d 417, 427 (S.D.N.Y. 2010) ("*Doe* is dubious authority for the proposition that Section

2707(c) does not mean what it provides, recovery of 'minimum statutory damages of $1,000'" (quoting *Freedman v. Town of Fairfield*, No. 3:03CV01048, 2006 WL 2684347, at *3 (D. Conn. Sept. 19, 2006))); *In re Hawaiian Airlines, Inc.*, 355 B.R. 225, 230 (D. Haw. 2006) (noting that the structures of the Privacy Act and the SCA are not similar enough for the former to be directly applicable to the latter); *Cedar Hill Assocs., Inc. v. Paget*, No. 04 C 0557, 2005 WL 3430562, at *2 (N.D. Ill. Dec. 9, 2005) (holding that 18 U.S.C. § 2701 *et seq.* does not require actual damages as a precursor to recovery).

First, the decision in *Van Alstyne* is not based on a Supreme Court interpretation of the SCA, but of the earlier Privacy Act. In the *Doe* case itself, the Supreme Court distinguished the SCA as irrelevant to the interpretation of the Privacy Act when it rejected the plaintiff's attempt to analogize the two in support of his argument that the Privacy Act authorized liquidated damages remedies similarly to the SCA. *Doe*, 540 U.S. at 626. The Court refused to draw a connection between the two statutes, explicitly stating that "the trouble with Doe's position is its reliance on the legislative histories of completely separate statutes passed well after the Privacy Act." *Id.* The court in *Van Alstyne*, nonetheless, was not persuaded by this language, reasoning that "the *Doe* Court's refusal to interpret a statute not before it does not carry the authoritative weight [plaintiff] would prescribe it." *Van Alstyne*, 560 F.3d at 208. While this Court agrees that the *Doe* Court's refusal to interpret the SCA does not conclusively determine that the SCA permits an award of statutory damages without proof of actual damages, there is also no language to conclusively determine the contrary. What *can* be extracted

from the Court's language in *Doe* is that the Court did not refute plaintiff's proposition that the SCA authorizes true liquidated damages remedies, and that despite similar constructions, the damages provision under the Privacy Act is decidedly distinct and not "substantively identical to § 2707(c)." *Van Alstyne*, 560 F.3d at 206. Simply put, *Doe* does not apply to the case at hand.

Thus, as no Supreme Court case pointedly decides the issue of statutory damages under the SCA and the only appellate case relies on an interpretation of a different statute, the Court shall assess the statutory construction, legislative history, and other district court decisions regarding § 2707(c) to support its conclusions.

### a. *Statutory Construction*

The relevant portion of 18 U.S.C. § 2707(c) provides:

> **(c) Damages.**--The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000.

18 U.S.C. § 2707(c).

A plain reading of the statute seems to indicate that § 2707(c) provides a means of calculating damages allowing the court to assess the sum of actual damages and any profits, but in the absence of those variables, a person entitled to recovery can at least recover the statutory minimum. 18 U.S.C. § 2707(c). From a practical standpoint, this viewpoint bears logic as actual damages may often be very difficult to prove in SCA cases, when, for example, the SCA violation is an unauthorized access of email which results in no financial harm to the plaintiff. To contrast this provision with that which the Supreme Court analyzed in the *Doe*

case, the relevant portion of 5 U.S.C. § 552a(g)(4) of the Privacy Act states that if a

court determines that an agency violated the statute

> in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—(A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000.

5 U.S.C. § 552a(g)(4).

In § 552a(g)(4), the restrictive language *shall be liable* seems to dictate actual

damages as the only remedy in that clause, whereas in § 2707(c), the language that

the court *may* assess the sum of actual damages and any profits seems to offer that

formula as one means of calculation.

### b. *Legislative History*

Legislative history supports this analysis of the statute, as Congress

expressly states that "subsection (c) provides the *measure* of damages under this

section." H.R. REP. NO. 99-647, at 74 (1986) (emphasis added). The House Report

accompanying the SCA further explains that "damages *include* actual damages, any

lost profits but in no case less than $1,000," and the decision to use the word

"include" implies that recovery is not strictly limited to actual damages but rather

encompasses a broader scope. *Id.* (emphasis added). The subsequent Senate Report

confirms this belief when it provides ". . . damages under the section including the

sum of actual damages suffered by the plaintiff and any profits made by the violator

as the result of the violation as provided in (c) with minimum statutory damages of

$1,000." S. REP. NO. 99-541, at 43.

The court in *Van Alstyne* refused to consider the legislative history in its analysis because it found the statutory language "plain and unambiguous," but this Court respectfully disagrees with that approach, particularly because the *Doe* Court relied on legislative history in reaching its own determination on the Privacy Act. *Van Alstyne*, 560 F.3d at 207; *Doe*, 540 U.S. at 622-23.

### c.  *Other District Court Decisions*

As previously noted, a number of district court decisions have addressed the issue and found that the SCA does not require actual damages as a precursor to recovery.  *Cedar Hill Assocs., Inc. v. Paget*, No. 04C0557, 2005 WL 3430562, at *2 (N.D. Ill. Dec. 9, 2005).  The court in *Van Alstyne* addressed and rejected the district court decisions reached in *Freedman*, *Hawaiian Airlines*, and *Cedar Hill Associates*. *Van Alstyne*, 560 F.3d at 206.  For the reasons stated above, however, this Court agrees with the reasoning put forth in these other cases, and because it is not within the Fourth Circuit, it is not obligated to follow *Van Alstyne*.[1]  Thus, if liability under the SCA is found as to the Yahoo! email claim, the fact that Plaintiff does not seek actual damages does not preclude his recovery of statutory damages under the SCA.

### CONCLUSION

The Court has herein resolved all remaining outstanding questions related to the calculation of damages in this case, assuming that the jury will find Defendants

---

[1] Subsequent district court decisions issued after *Van Alstyne* also distinguish their interpretations of *Doe v. Chao*.  *See Chadha v. Chopra*, No. 12 C 4204, 2012 WL 6044701, at *3 n.3 (N.D. Ill Dec. 5, 2012) ("Though the Supreme Court held that the Privacy Act's virtually identical language did require actual damages, it also arguably assumed that the SCA *did not* require actual damages in order to recover statutory damages.") (construing *Doe*, 540 U.S. at 626-27, 639-40)).

liable.  If liability under the SCA is found as to the Yahoo! email claim, the fact that Plaintiff does not seek actual damages does not preclude his recovery of statutory damages under the SCA.

IT IS SO ORDERED.


Entered this <u>14th</u> day of March, 2013.


<div align="center" style="margin-left:50%">

s/ Joe B McDade
_____
JOE BILLY McDADE
United States Senior District Judge

</div>